**ORIGINAL**

# In the United States Court of Federal Claims
No. 13-904T
(Filed: June 5, 2014)

**FILED**

**JUN - 5 2014**

**U.S. COURT OF FEDERAL CLAIMS**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

MICHAEL NICHOLAS PALM, SR,

    Plaintiff,

v.

THE UNITED STATES,

    Defendant.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## OPINION and ORDER

**DAMICH, Senior Judge:**

    Michael Palm ("Plaintiff"), here appearing *pro se*, filed his Complaint on November 12, 2013, seeking a refund from the Internal Revenue Service ("IRS") for partial payments made towards tax assessments made against him for the entire year of 2007 and portions of 2008 and 2009. The United States ("Defendant") brings a Motion to Dismiss pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"), arguing that this Court lacks the subject matter jurisdiction to hear Plaintiff's claims because the two-year statute of limitations expired prior to the date Plaintiff filed his complaint as required by 26 U.S.C. § 6532(a)(1). For the reasons set forth in this opinion, the Court hereby GRANTS Defendant's Motion to Dismiss.

    **I.**    **Background**

    **A. IRS First Notice of Disallowance (First Notice)**

    On July 1, 2009, Plaintiff received a notice from the IRS proposing an assessment of a Trust Fund Recovery Penalty against him as a responsible officer, pursuant to § 6672, for unpaid payroll taxes of Albert Lea Hospitality of Minnesota, LLC. Plaintiff did not timely dispute the proposed assessment and the IRS assessed the penalty on December 14, 2009. In light of the assessed penalty, Plaintiff filed a collections due process petition on May 27, 2010, and, on March 22, 2011, he paid $100 toward each assessed quarter as a partial payment of the employment tax liability and submitted claims for refund of those tax payments. The IRS denied these claims for refund, issuing

1

its First Notice on April 18, 2011. The First Notice stated in pertinent part:

> [i]f you wish to bring suit or proceedings for recovery of any tax, penalties, and other moneys that were paid and for which this notice of disallowance is issued, you may do so by filing suit with either the United States District Court having jurisdiction or the United States Court of Federal Claims. The law permits you to do so *within two years of the mailing date of this letter.* You are not required to go to Appeals prior to filing suit. Please note that Appeals review of a disallowed claim does not extend the two-year period for filing suit; however, *it may be extended by mutual agreement.*

Def. Mot. to Dis. Ex. 4. (emphasis added).

### B. IRS Second Notice of Disallowance (Second Notice)

Rather than file a complaint in this Court after the First Notice was issued, Plaintiff appealed to the IRS Appeals Office. Although the facts are unclear as to when and how Plaintiff filed his appeal, the IRS Appeals Office reconsidered Plaintiff's claims for refund, and again denied those claims on November 29, 2011. The Appeals Office also sent Plaintiff its own Notice of Disallowance, which stated that Plaintiff had two years from the date of the Second Notice to file suit. The second Notice of Disallowance was followed by a letter (May 9, 2012) to Plaintiff from David L. Zoss, a senior IRS attorney, who not only reiterated the language of the Second Notice that Plaintiff had two years from the Second Notice to file but also stated: "That option remains open to you at present." Pl.'s Sur-Reply, Ex. 1.

Approximately two years from the date of the Second Notice, on November 12, 2013, Plaintiff filed his complaint in this Court. This date is well beyond two years from the date of the First Notice.

## II. Legal Standard

### A. *Pro Se* pleadings

Parties acting *pro se* are generally held to "less stringent standards" than professional lawyers. *See, e.g., Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (requiring that allegations contained in a pro se complaint be held to "less stringent standards than formal pleadings drafted by lawyers"); *Forshey v. Principi*, 284 F.3d 1335, 1357 (Fed. Cir. 2002) ("[T]he pleadings of pro se litigants should be held to a lesser standard than those drafted by professional lawyers . . .). Nevertheless, "[t]he fact that [a plaintiff] acted pro se in the drafting of his complaint may explain its ambiguities, but it does not excuse its failures, if such there be." *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995).

### B. Motion to Dismiss under RCFC Rule 12(b)(1)

A motion brought pursuant to RCFC 12(b)(1) challenges the Court's subject matter jurisdiction. *See* RCFC 12(b)(1). When faced with a motion to dismiss for lack of subject matter jurisdiction, a court must assume that all undisputed facts alleged in the complaint are true, and it must draw all reasonable inferences in the plaintiff's favor. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see also Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995). Plaintiff bears the burden of proof to establish subject matter jurisdiction, and must do so by a preponderance of the evidence. *Alder Terrace, Inc. v. United States,* 161 F.3d 1372, 1377 (Fed. Cir. 1998), *Reynolds v. Army & Air Force Exch. Serv.,* 846 F.2d 746, 748 (Fed. Cir. 1988).

### III. Discussion

Defendant argues the case must be dismissed because Plaintiff's complaint is untimely pursuant to 26 U.S.C. § 6532. According to Defendant, the two-year statute of limitations started to run from the First Notice, not the Second Notice, and to be timely, Plaintiff's complaint had to be filed on or before April 18, 2013. On the contrary, Plaintiff avers that his complaint is timely for two reasons. First, Plaintiff argues that the two-year statute of limitations started to run from the Second Notice, and second, even if the statute of limitations started to run from the First Notice, the Second Notice, bolstered by the letter from Senior Attorney Zoss, constitutes a "mutual agreement" which acts to extend the two-year filing period.

#### A. Legal Framework

Pursuant to 26 U.S.C. § 7422(a), this Court has jurisdiction to entertain suits for tax refunds. 26 U.S.C. § 6532(a)(1) provides the statute of limitations for such suits. It provides:

> [n]o suit or proceeding under section 7422(a) for the recovery of any internal revenue tax, penalty, or other sum, shall be begun before the expiration of 6 months from the date of filing the claim required under such section ... nor after the expiration of 2 years *from the date of mailing by certified mail or registered mail by the Secretary to the taxpayer of a notice of the disallowance* of the part of the claim to which the suit or proceeding relates.

26 U.S.C. 6532(a)(1) (emphasis added).

Additionally, subsection (a)(4) provides that:

> [a]ny consideration, reconsideration, or action by the Secretary with respect to such claim following the mailing of a notice by certified mail or registered mail of disallowance shall not operate to extend the period within which suit may be begun.

26 U.S.C. § 6532(a)(4).

The sole exception to this rule is found in subsection (a)(2) which dictates that "the 2-year period . . . shall be extended for such period as may be agreed upon in writing between the taxpayer and the Secretary." 26 U.S.C. § 6532(a)(2). Therefore, following the statute, a taxpayer has two years from the first Notice of Disallowance to file his or her complaint unless the claim is extended by mutual agreement.

### B. The statute of limitations started to run from the First Notice.

The difficulty here, of course, is that there are two Notices of Disallowance and furthermore that the second Notice of Disallowance states that the taxpayer has two years from the date of the second Notice of Disallowance to file suit. Unfortunately, the second Notice of Disallowance is misleading regarding the time limit. The First Notice and the Second Notice concerned the same dispute; therefore, the Second Notice derived from a "consideration, reconsideration or action" as provided for in 26 U.S.C. § 6532(a)(4), which does not extend the statute of limitations period which began with the First Notice.

But Plaintiff also argues that the language of the second Notice of Disallowance, supported by the Zoss letter, was a "mutual agreement" which acts to extend the two-year filing period. Although this argument is plausible, the statute states that there must be an agreement in writing between the taxpayer and the Secretary to extend the period of the statute of limitations. 26 U.S.C. § 6532(a)(2). This Court feels that it is too much of a stretch to construe the boiler-plate language of the Second Notice, even with the language of the Zoss letter, as such an agreement.

This conclusion is in line with the case of *Orlando v. United States,* 94 Fed.Cl. 286 (2010), 453 Fed.Appx. 967 (2011). In *Orlando,* and as here, the plaintiff sought recovery of a tax penalty and was served a Notice of Disallowance from the IRS. *Id.* at 288-89. The plaintiff then filed a letter of appeal which was denied, and the IRS sent a second Notice of Disallowance, stating that the taxpayer could bring suit for the tax recovery "within 2 years from the mailing date of *this letter.*" *Id.* (emphasis added). As expressed by the court in *Orlando,* this second representation by the IRS Appeals Office was "legally incorrect" because the First Notice was controlling as to the correct start date of the statute of limitations period. *Id.* at 290.

In addition, the plaintiff in *Orlando* had also argued that the second Notice of Disallowance was a mutual agreement to extend the statute of limitations period. Judge Firestone concluded that the second notice:

> is not an agreement or even an offer to extend the statute of limitations by two years. Rather it is only an explanation, albeit an incorrect one, of what the law permits . . . [and even if the second notice] could be construed to be an 'extension' of the limitations period, it would still not meet the requirements for an 'agreement' under the applicable regulation.

4

*Id.* at 291.

Judge Firestone then recited the regulation which provides in pertinent part that an agreement for extension:

> must be signed by the taxpayer or by an attorney, agent, trustee, or other fiduciary on behalf of the taxpayer . . . [and t]he agreement will not be effective until signed by a district director, a director of an internal revenue service center, or an assistant regional commissioner.

26 C.F.R. § 301.6532-1(b).

Although there was no letter in *Orlando* equivalent to the Zoss letter in this case, this difference does not change this Court's conclusion. First, the relevant language in the Zoss letter plays off of the language in the Second Notice. It is not a thoughtful reflection of the Plaintiff's situation as a whole. Indeed, Senior Attorney Zoss was assigned to handle the case brought by Mr. Palm in the U.S. Tax Court, and his attention would naturally be focused on that suit. Second, as the regulation cited by Judge Firestone indicates, an agreement for an extension of the statute of limitations period must be signed on behalf of the IRS by a "district director, a director of an internal revenue service center, or an assistant regional commissioner," not by a mere senior attorney. Moreover, Plaintiff himself did not sign the Zoss letter or the Second Notice.

The Court sympathizes with Plaintiff's plight in this case, but it must follow the clear language of the statutes and the regulation. Nevertheless, the Court's decision does not detract from the fact that Plaintiff was misled (albeit unintentionally) both by the boiler-plate language of the Second Notice and –worse– by the statement of Senior Attorney Zoss, who should have been more circumspect. Inexplicably, the IRS continues to use misleading language in its Notices of Disallowance after appeal, even after the *Orlando* case highlighted the problem some four years ago. If the IRS will not address this problem, perhaps it is time to bring this issue to the attention of the U.S. Congress.

### C. The Court is not permitted to grant equitable tolling here because it is statutorily limited by 26 U.S.C. § 6532.

The Supreme Court first addressed the issue of equitable tolling in *United States v. Brockamp*, 519 U.S. 347 (1997), holding that "the limitations period on tax refund claims does not authorize equitable tolling." *Id.* at 353. The Federal Circuit then expanded this standard and logic to cases involving 26 U.S.C. § 6532 in *RHI Holdings, Inc. v. United States*, 142 F.3d 1459 (1998). The Federal Circuit held that "unless the statute of limitations, 26 U.S.C. § 6532, contains an implied equitable exception, considerations of equitable principles are not appropriate." *Id.* at 1460. *RHI* further established that "the statute in question, 26 U.S.C. § 6532(a), does not contain an implied 'equitable' exception." *Id.* at 1462. The court detailed that:

5

> 26 U.S.C. § 6532 is part of the same statutory scheme as the statute of limitations in *Brockamp* [as] it sets forth its limitations in a detailed, technical manner, and reiterates the two year limitations in subsections (1), (2), and (3) . . . prescribes a particular process for extending the two year period in subsection (2) . . . [and] subsection (4) states that any further action taken by the Secretary after a notice of disallowance is mailed to the taxpayer does not operate to extend the statutory period.

*Id.* at 1462.

As *RHI* is binding precedent for this Court, and since *RHI* specifically addresses the exact statute here at hand, § 6532(a), the Court here has no choice but to dismiss the complaint since it is statutorily limited. The statute of limitations does not toll and further, does not contain an equitable exception, thus this Court does not have jurisdiction over the case. Regardless, of the fact that the IRS completely misstated the rule in its November 2011 letter, misleading the Plaintiff, that language was legally incorrect, and the Defendant's Motion to Dismiss must be granted. This notion is equally discussed in *Thomasson v. United States*, 1997 WL 220321 (N.D. Cal.) (1997), where the court noted:

> [t]he court does not condone the behavior of the IRS . . . Misleading taxpayers or their representatives is irresponsible and below the standard of conduct the public has a right to expect of its government. Congress has chosen, however, to apply a 'bright-line' rule in this statute for the sake of administrative efficiency.

*Id.* at *4.

## IV.    Conclusion

Due to the fact that the statute of limitations period ran before Plaintiff filed his complaint, the court does not have subject matter jurisdiction over it. Therefore, the Court hereby GRANTS Defendant's Motion to Dismiss. The Clerk is directed to enter judgment accordingly.

*[signature]*
EDWARD J. DAMICH
Senior Judge

6